UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ZAMBRANO, Plaintiff, v. ERIC GOLDING, et al., Defendants. | Case No. 19-cv-03332-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that PBSP correctional officials were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

According to the complaint, while playing basketball, Plaintiff suffered an injury to his right knee that constituted a medical emergency. From July 27, 2018 to January 25, 2019, Defendants refused to look at him; taunted him; made jokes about him; were negligent to him; treated him with malice, oppression, and fraud; made him walk around without medical equipment; and treated him with "courses that made no sense." As a result, Plaintiff ended up requiring surgery for a completely torn medical meniscus and may require further surgery, and is now disabled for life. Plaintiff names as defendants RN Eric Golding, Dr. Elise Williams, RN Jasmine Yang, Dr. Devinder Kumar, RN Amy Olsen, and PBSP staff John Does.

The complaint will be DISMISSED with leave to amend because it suffers from the following deficiency. The complaint does not give the defendants fair notice of the claim because it fails to link each defendant to a specific constitutional violation. In his amended complaint, Plaintiff must be careful to allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v.*

2

*Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

To assist Plaintiff in preparing the amended complaint, the Court reviews some of the relevant legal principles.

**Supervisory Liability.** There is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

**Eighth Amendment Claims.** While deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment, a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). In addition, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Finally, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *Toguchi*, 391 F.3d at 1058.

**Doe Defendants.** The use of Doe defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The Court's general practice is to dismiss Doe defendants without prejudice to Plaintiff moving to amend to add them to his complaint after he learns the identities of the Doe defendants.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, Plaintiff

3

1  shall file an amended complaint. The amended complaint must include the caption and civil case
2  number used in this order, Case No. C 19-03332 HSG (PR) and the words "AMENDED
3  COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the
4  questions on the form in order for the action to proceed. The amended complaint must be
5  complete in itself without reference to any prior pleading because an amended complaint
6  completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th
7  Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

**Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.** The Clerk shall include two copies of the court's form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 7/24/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

4