UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ZAMBRANO,<br>Plaintiff,<br>v.<br>ERIC GOLDING, et al.,<br>Defendants. | Case No. 19-cv-03332-HSG<br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that PBSP correctional officials were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. His amended complaint (Dkt. No. 15) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

According to the amended complaint, on July 27, 2018, Plaintiff suffered an injury to his right knee and the side of his right leg and was transferred to the Triage and Treatment Area ("TTA"). Dkt. No. 15. ("Am. Compl.") at 3. He repeatedly requested medical attention for his injured leg, but RN Amy Olsen, PA Laurie Thomas, RN Jasmine Yang, and Dr. Elise Williams refused to examine his leg, and refused to obtain medical assistance for Plaintiff. *Id.* at 3-4. Plaintiff was admitted to the TTA upon his request, but RN Yang and Dr. Williams still refused to examine his injury. *Id.* at 4. Plaintiff repeatedly pushed his emergency light button. CNA Kathrine Blakeley, RN John Kim, and RN Rhoda Nasr responded to the emergency button but refused to provide any help. *Id.* The next day, July 28, 2018, RN Yang and Dr. Williams discharged Plaintiff with recommendations for stress management, claiming that his pain was from stress. When Plaintiff reviewed his medical records months later, Plaintiff learned that PA Thomas and Dr. Williams wrote that Plaintiff claimed to be injured because he feared for his safety on the yard and was admitted for his protection. Plaintiff states that the stated reason for admittance is false. *Id.* at 4.

Back at his yard, Plaintiff repeatedly put in sick call slips to obtain medical treatment for his leg injury. PA Devinder Kumar and RN Eric Golding ignored him, refused to see him,

2

minimized his pain, and harassed him for seeking medical treatment. Am. Compl. at 5-6.

On November 5, 2018, Plaintiff had an MRI and learned that he had a torn medial meniscus. PA Kumar read the MRI that day and described the tear as just a small tear. On January 25, 2019, Plaintiff had surgery to repair the meniscus. The surgeon stated that the meniscus was completely torn. When other inmates have been seen by PA Kumar for sports injuries, PA Kumar has offered them MRIs and given them medical equipment on site, and, if needed, ensured that they received surgery within two months of the injury. However, PA Kumar did not provide Plaintiff with medical equipment for over six months, forcing him to walk with an injured leg without equipment. Plaintiff currently requires additional surgery because of the defendants' failure to provide him with medical treatment. Am. Compl. at 6.

Liberally construed, Plaintiff's allegation that RN Amy Olsen, PA Laurie Thomas, RN Jasmine Yang, Dr. Elise Williams, CNA Kathrine Blakeley, RN John Kim, RN Rhoda Nasr, PA Devinder Kumar and RN Eric Golding refused to provide him with medical treatment for his torn meniscus states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Plaintiff has stated a cognizable Eighth Amendment claim against RN Amy Olsen, PA Laurie Thomas, RN Jasmine Yang, Dr. Elise Williams, CNA Kathrine Blakeley, RN John Kim, RN Rhoda Nasr, PA Devinder Kumar and RN Eric Golding.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint with all attachments thereto (Dkt. No. 15), and a copy of this order upon defendants **RN Amy Olsen, PA Laurie Thomas, RN Jasmine Yang, Dr. Elise Williams, CNA Kathrine Blakeley, RN John Kim, RN Rhoda Nasr, PA Devinder Kumar and RN Eric Golding** at Pelican Bay State Prison, 5905 Lake Earl Drive, Crescent City, CA 95531. A courtesy copy of the amended complaint with attachments and this

3

order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this Order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn

4

testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every

pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 8/27/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge