UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ZAMBRANO,<br>Plaintiff,<br>v.<br>ERIC GOLDING, et al.,<br>Defendants. | Case No. 19-cv-03332-HSG<br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br>Re: Dkt. No. 24 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that PBSP correctional officials were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Now pending before the Court is plaintiff's request for appointment of counsel. Dkt. No. 24. For the reasons set forth below, plaintiff's request is DENIED.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525.

Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* The fact that the *pro se* litigant would be better served with the assistance of counsel does not necessarily qualify the issues involved as complex. *See Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

Plaintiff argues that appointment of counsel is necessary because the case is complex; plaintiff is not competent to litigate the case himself because he lacks education, lacks legal training, has a physical disability arising from the injuries at issue in this action, and suffers from temporomandibular joint syndrome which causes him physical pain, severe headaches, anxiety, high blood pressure, neck pain, jaw pain and depression; the case will require cross-examination of expert witnesses; plaintiff is being denied documentary discovery because he lacks counsel and plaintiff does not know how to obtain the necessary discovery; and plaintiff has been unable to obtain counsel despite making multiple efforts. Plaintiff has not demonstrated the exceptional circumstances required for appointment of counsel at this stage in the action. The case is fairly straightforward, alleging that from mid-2018 to about early 2019, defendants refused to provide plaintiff with appropriate medical treatment for his torn meniscus, in violation of the Eighth Amendment. Plaintiff's letters to the Court demonstrate an understanding of the litigation process. Plaintiff's request for appointment of counsel is therefore DENIED without prejudice to the Court *sua sponte* appointing counsel should the circumstances so require.

This order terminates Dkt. No. 24.

**IT IS SO ORDERED.**

Dated: 11/24/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge