UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ZAMBRANO,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC GOLDING, et al.,<br><br>    Defendants. | Case No. 19-cv-03332-HSG<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE OPPOSITION TO SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. No. 36 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that PBSP correctional officials were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. On August 13, 2020, Defendants filed a motion for summary judgment. Dkt. No. 34. As required by N.D. Cal. Local Rule 7-2(c), Defendants' summary judgment motion was accompanied by a *proposed* order granting their motion. Dkt. No. 35. **This proposed order is not an order entered by the Court. Defendants' summary judgment motion remains under submission with the Court.** Plaintiff's opposition to the summary judgment motion was due September 10, 2020.

On September 18, 2020, the Court received a letter from plaintiff wherein he stated that he had received the summary judgment order in this case; that summary judgment was granted in favor of Defendants; and that he had not had a chance to defend his case. Dkt. No. 36. The Court construes this letter as a request for an extension of time to file his opposition to the summary judgment motion and GRANTS this request. As explained above, the Court has not yet decided Defendants' summary judgment motion. Judgment has not been issued in favor of defendants. Plaintiff appears to have mistaken the *proposed* order for an order issued by the Court. The Court GRANTS plaintiff an extension of time to November 27, 2020 to file his opposition to the

summary judgment motion.  Defendants shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

**IT IS SO ORDERED.**

Dated:  9/30/2020

*[signature: Haywood S. Gilliam Jr.]*
HAYWOOD S. GILLIAM, JR.
United States District Judge