| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JUAN CARLOS ZAMBRANO,<br>Plaintiff,<br>v.<br>ERIC GOLDING, et al.,<br>Defendants. | Case No. 19-cv-03332-HSG<br><br>**ORDER GRANTING FOURTH AND FINAL EXTENSION OF TIME TO FILE OPPOSITION TO SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. No. 43 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that PBSP correctional officials were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. On August 13, 2020, Defendants filed a motion for summary judgment. Dkt. No. 34. The Court granted Plaintiff three extensions of time to April 16, 2021 to file his opposition to the summary judgment motion. Dkt. Nos. 37, 39, and 41. On May 6, 2021, Plaintiff filed a letter with the Court stating that he had not received the Court's January 14, 2021 Order granting him a third extension of time to April 16, 2021 to file his opposition. Dkt. No. 43. In this letter, Plaintiff stated that he did not learn that he had been granted an extension of time to April 16, 2021 until he received Defendants' reply in support of their summary judgment motion on May 3, 2021. Dkt. No. 43 at 1. Plaintiff requests an additional extension of time to file his opposition since he was not notified of the third extension of time and because COVID has greatly impacted prison operations and access to the law library. Dkt. No. 43.

Plaintiff has had over ten months to prepare his opposition to the summary judgment motion. It is unclear how the failure to receive the Court's January 14, 2021 Order could, or did,

prevent or hinder him from preparing his opposition.[1]  In the interests of justice, the Court will grant Plaintiff a **final** extension of time to July 15, 2021 to file an opposition to Defendants' summary judgment motion.  **No further extensions of time will be granted for any reason.**

If Plaintiff does not file an opposition by July 15, 2021,[2] Defendants' summary judgment motion will be considered fully submitted as of July 15, 2021, and the Court will decide the motion based on the record before the Court as of that date.

If Plaintiff timely files an opposition, Defendants may file an additional reply to the opposition within fourteen (14) days of the date the opposition is filed, and Defendants' summary judgment motion will be considered fully submitted as of the date the additional reply is filed.

Plaintiff is reminded that he is responsible for prosecuting this case.  Plaintiff must comply with the Court's orders in a timely fashion.  Failure to prosecute this case or to comply with the Court's order, including the deadlines set forth in this order,  may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Dkt. No. 43.

**IT IS SO ORDERED.**

Dated: 6/3/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] If Plaintiff believed that he had not been granted the third extension of time, he should have timely filed an opposition by the original deadline of January 4, 2021.  Instead, Plaintiff took no action whatsoever to prosecute this action.

[2] The Court will apply the mailbox rule to Petitioner's filings, including any opposition that he may file, and deem the opposition filed as of the date it is delivered to prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro s*e prisoner filing is dated from date prisoner delivers it to prison authorities).