UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ZAMBRANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN KIM,<br><br>　　　　　Defendant. | Case No. 19-cv-03332-HSG<br><br>**ORDER SUA SPONTE GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT KIM** |

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court *sua sponte* GRANTS summary judgment in favor of defendant Kim, and CLOSES the case.

**DISCUSSION**

**A.    Procedural Background**

The amended complaint alleged that defendants Williams, Golding, Blakely, Olsen, Thomas, Yang, Nasr, Kumar, and Kim were deliberately indifferent to Plaintiff's serious medical needs from July 27-28, 2018, and from July 28, 2018 to January 25, 2019. Dkt. Nos. 15, 16. On July 2, 2020, defendant Williams was terminated from this action because she is deceased. Dkt. No. 33  On September 20, 2021, the Court granted summary judgment on the merits in favor of defendants Golding, Blakely, Olsen, Thomas, Yang, Nasr, and Kumar ("Defendants"). Dkt. No. 50.

Defendant Kim appeared in this action on July 2, 2021, Dkt. No. 47, and did not join in Defendants' summary judgment motion, which was filed prior to his appearance, on August 13, 2020. In the September 20, 2021 Order granting summary judgment in favor of Defendants, the Court informed Plaintiff that the adequacy of his Eighth Amendment claim against defendant Kim

1   was in question and ordered Plaintiff to inform the Court if he wished to proceed with his Eighth
2   Amendment claim against defendant Kim:

> According to the record, defendant Kim's only interactions with Plaintiff was when he was seen at TTA and admitted overnight, from July 27 to 28, 2018. The Court has already found that the medical treatment provided on those dates did not violate the Eighth Amendment. . . . . The Court gives Plaintiff notice that the adequacy of his Eighth Amendment claim against defendant RN John Kim is in question. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a response with the Court addressing whether he wishes to proceed with his Eighth Amendment claim against defendant Kim. If Plaintiff wishes to proceed with the claim, he must explain why his claim against defendant Kim is adequate. He must support this assertion by citing to particular parts of materials in the record that indicate a genuine dispute of material fact as to whether defendant Kim violated the Eighth Amendment.

Dkt. No. 50 at 50 at 11-12. The deadline to file a response with the Court has passed, and Plaintiff has not communicated with the Court.

**B.     Standard**

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a) (2014). District courts have the power to grant summary judgment *sua sponte*. *See* Fed. R. Civ. P. 56(f) (explaining that district court may grant summary judgment "for a nonmovant," "on grounds not raised by a party," or "on its own"); *see also Fuller v. City of Oakland*, 47 F.3d 1522, 1533 (9th Cir. 1995). But *sua sponte* grants of summary judgment are only appropriate if the losing party has (1) reasonable notice that the sufficiency of his claim will be at issue and (2) a full and fair opportunity to ventilate the issues. *See Norse v. Santa Cruz*, 629 F.3d 966, 971-72 (9th Cir. 2010); *see also Verizon Delaware, Inc. v. Covad Comm'n Co.*, 377 F.3d 1081, 1092 (9th Cir. 2004) (court may grant summary judgment *sua sponte* if plaintiff receives reasonable notice that adequacy of claim is in question and has been given opportunity to respond).

**C.     Analysis**

As explained in the Court's September 20, 2021 Order, viewing the record in the light most favorable to Plaintiff, there is no genuine issue as to whether any of the named defendants were deliberately indifferent to Plaintiff's serious medical need (right knee pain) during July 27-28, 2018. There is no evidence that the medical treatment provided from July 27-28, 2018, was

1  medically unacceptable under the circumstances or that the medical treatment provided during that
2  time period, including the decision to not immediately examine the right knee, was chosen in
3  conscious disregard of an excessive risk to Plaintiff's health. Dkt. No. 50 at 9-10. Defendant
4  Kim's only interaction with Plaintiff was during the July 27-28, 2018 time period. Because the
5  record, viewed in the light most favorable to Plaintiff, shows no triable issue as to whether the
6  medical treatment provided during the July 27-28, 2018 time period violated the Eighth
7  Amendment, defendant Kim is entitled to summary judgment as a matter of law. Fed. R. Civ. P.
8  56(f). Because Plaintiff received reasonable notice that the adequacy of his claim against
9  defendant Kim was in question; and because Plaintiff had both a full and fair opportunity to
10 ventilate the issues and an opportunity to respond; and because defendant Kim is in a similar
11 position to the defendants that treated Plaintiff during July 27-28, 2018, the Court *sua sponte*
12 GRANTS summary judgment in favor of defendant Kim. *Cf. Silverton v. Dep't of Treasury*, 644
13 F.2d 1341, 1345 (9th Cir. 1981) (holding district court on its own motion may grant motion to
14 dismiss as to defendants who have not moved to dismiss where such defendants are in a position
15 similar to that of moving defendants); *Columbia Steel Fabricators v. Ahlstrom Recovery*, 44 F.3d
16 800, 802-03 (9th Cir.) (affirming grant of summary judgment in favor of nonappearing defendant
17 where plaintiff, in response to summary judgment motion filed by defendant who had appeared,
18 had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim
19 against nonappearing defendant), cert. denied, 516 U.S. 864 (1995); *see also Abagninin v. AMVAC*
20 *Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly granted motion
21 for judgment on the pleadings as to unserved defendants where such defendants were in a position
22 similar to served defendants against whom claim for relief could not be stated).
23 //
24 //
25 //
26 //
27 //
28 //

**CONCLUSION**

For the reasons set forth above, the Court *sua sponte* GRANTS summary judgment in favor of defendant Kim. Defendant Kim is terminated from this action. Because defendant Kim was the only defendant remaining in this action, the Clerk is directed to enter judgment in favor of Defendants and against Plaintiff, and close this case. All pending motions are terminated as moot.

**IT IS SO ORDERED.**

Dated: 11/12/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge